IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JIMMY BARKLEY, | : | |
| | : | |
| Petitioner, | : | CASE NO. |
| v. | : | 5:91-CR-10 (CAR) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

_____

### ORDER ON THE REPORT AND RECOMMENDATIONS
### OF THE UNITED STATES MAGISTRATE JUDGE

Currently before the Court are the Report and Recommendations [Doc. 365 and 369] from United States Magistrate Judge Charles H. Weigle that recommend (1) denying Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure [Doc. 330], and (2) denying Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 [Doc. 334]. Petitioner, proceeding *pro se*, has filed Objections to the Recommendations of the Magistrate Judge. [Doc. 367 and 373]. Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Petitioner's Objections, has made a *de novo* determination of the portions of the Recommendation to which Petitioner objects, and finds Petitioner's Objections to be without merit. The Court will address Petitioner's Objections to each Report and Recommendation separately.

I.   **Objections to Recommendation and Order to deny Petitioner's 60(b) Motion [Doc 365].**

Petitioner lays out several objections to the Recommendation, but each simply restates the same argument which has been fully addressed and denied multiple times. As the Magistrate Judge notes, a Rule 60(b) motion may only be used to remedy "a defect in the integrity of the earlier Section 2255 motion proceeding in his case." Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011).  Petitioner filed this 60(b) motion seeking relief from the denial of his § 2255 motion filed in June 1999.  He asserts that the Court made "fundamental errors" when it denied the motion because it "utilized the habeas proceedings to invoke a sentencing hearing procedure determination that was based on non-record material." [Doc. 331, p. 10].

Petitioner challenges the Court's determination that Petitioner's counsel was not ineffective because counsel failed to make an argument regarding sentencing on direct appeal.  Specifically, Petitioner alleged his counsel was ineffective because he did not argue that U.S.S.G. § 1B1.3 required that Petitioner only be sentenced for relevant conduct involving 68 grams of cocaine, the amount Petitioner conceded he possessed, as opposed to 69.1 grams, the amount described in his presentence investigation report. [Doc. 330, Ex. E].  In addressing this argument, the Court noted that Petitioner was sentenced based on a finding that he possessed more than 50 grams of cocaine, and any argument regarding 68 or 69.1 grams would have been moot.

Contrary to Petitioner's assertion, the Court was not invoking a "sentencing procedure," or making a factual finding regarding the amount of cocaine Petitioner possessed, but was instead addressing Petitioner's argument that his counsel was ineffective. As the Magistrate Judge noted, no factual finding regarding sentencing was necessary at the time. Thus, Petitioner's argument that the Court made a procedural error is, in reality, an attempt to attack the Court's previous resolution of Petitioner's initial § 2255 motion. Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (holding a Rule 60(b) motion advances a "claim" in violation of the successive habeas petition bar where the motion "attacks the federal court's previous resolution of a claim *on the merits*") (emphasis in original). Petitioner has not pointed out a defect in the prior habeas proceedings, and thus he is not entitled to relief pursuant to Rule 60(b).

Petitioner's remaining objections are without merit, and this Court agrees with the findings and conclusions of the United States Magistrate Judge. The Recommendation [Doc. 365] is therefore **ADOPTED** and **MADE THE ORDER OF THE COURT.** In accordance with the Recommendation, the following motions are **DENIED**: Motion to Supplement Rule 60(b) Motion [Doc. 344]; Motion to Amend Rule 60(b) Motion [Doc. 345]; Amended Motion Amending Rule 60(b) Motion [Doc. 357]; and Motion to Supplement Rule 60(b) Motion [Doc. 361].

>   II.    Objections to Recommendation and Order to deny Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 [Doc. 369].

The Court finds Petitioner's Objections [Doc. 373] to the Magistrate Judge's Recommendation without merit.  Petitioner relies on Magwood v. Patterson, --- U.S. ----, 130 S. Ct. 2788 (2010), and asserts that the Magistrate Judge did not correctly analyze whether his § 2255 motion was "second or successive."  Petitioner's reliance on Magwood is misplaced.  There, the Supreme Court held that a habeas petition filed after a resentencing was not a "second or successive" petition because it attacked a new judgment.  Id. at 2803.  In this case, Petitioner is attempting to attack the original judgment, and thus his petition is "second or successive."

In fact, this is Plaintiff's third § 2255 motion, and as the Magistrate Judge notes, this Court has no jurisdiction to review the matter without prior authorization of the Eleventh Circuit Court of Appeals.  Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).  Petitioner has not obtained authorization, and this Court has no jurisdiction to consider Petitioner's motion.  This Court agrees with the findings and conclusions of the United States Magistrate Judge.  The Recommendation [Doc. 369] is therefore **ADOPTED** and **MADE THE ORDER OF THE COURT.**  In accordance with the Recommendation, the following motions are **DENIED**: Motion to Supplement Section 2255 Motion [Doc. 340]; Motion to Amend Section 2255 Motion [Doc. 348]; Motion for Status Report or Hearing on Section 2255 Motion [Doc. 359]; Motion to Supplement

Section 2255 Motion [Doc. 360]; and Motion to Supplement and Incorporate New Authority [Doc. 368].

      SO ORDERED, this 23rd  day of December, 2011.

                                              <u>S/  C. Ashley Royal</u>
                                              C. ASHLEY ROYAL, CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT

AES