IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JIMMY BERNARD BARKLEY,<br><br>*Defendant.* | CRIMINAL ACTION NO.<br>5:91-cr-00010-TES-CHW-2 |

**ORDER GRANTING MOTION TO REDUCE SENTENCE UNDER FIRST STEP ACT**

Defendant Jimmy Barkley seeks a sentence reduction under the First Step Act of 2018. Having reviewed the parties' arguments, the Court finds Barkley to be eligible for resentencing and exercises its discretion to **GRANT** Barkley's Motion to Reduce Sentence [Doc. 529]. As explained below, the Court resentences him to 360 months on his drug charges, followed by 60 months for his accompanying gun charge, resulting in a total sentence of 420 months.

## BACKGROUND

On December 11, 1991, a jury convicted Barkley of: (1) conspiracy to possess and distribute cocaine base by employing a person under age 18 in violation of 21 U.S.C. § 846 and 21 U.S.C. § 845(b)(3) (Count One); (2) possessing cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Count Two); and (3) possessing a firearm in furtherance of the acts described in the first two counts, in violation of 18 U.S.C. § 924(c) (Count Three). [Doc. 99-6 at pp. 54–55].

As was common in the early 90's, the Government did not specify any quantity of crack cocaine in Barkley's indictment; it simply charged that he possessed "a detectable amount of" cocaine base (or crack). [Doc. 512-2 at p. 3]. However, after the jury convicted him, the Probation department conducted a Presentence Investigation Report ("PSR") where it calculated the drug weights for which he was responsible to be 295.9 grams of crack cocaine and 4.7 grams of marijuana. [Doc. 540 at p. 2]. The sentencing court adopted the findings of the PSR and explicitly relied upon them when it calculated the sentencing guidelines for Barkley. Given the amount of drugs and his status as a career offender, the sentencing court determined Barkley's guidelines range to be 360 months to life imprisonment.

On April 16, 1992, the sentencing court sentenced Barkley to life imprisonment for Count One and Count Two under 21 U.S.C. § 841(B)(1)(A)(iii), and a consecutive term of 60 months' imprisonment for Count Three. *See* [Doc. 109, p. 4]. Barkley has spent over 29 years in federal custody.

On February 11, 2019, Barkley filed a *pro se* motion to reduce his sentence under Section 404 of the First Step Act. [Doc. 512]. After the Federal Defenders of the Middle District of Georgia filed an Entry of Appearance, Barkley amended his Motion. [Doc. 529]. Barkley contends that the Fair Sentencing Act of 2010, which was made retroactive to his offense through the First Step Act of 2018, permits him to be

resentenced. Barkley has asked the Court to resentence him to 277 months for Counts 1 and 2. [*Id*. at p. 1]. The Government opposes Barkley's Motion.

## DISCUSSION

### A. Standard of Review

In 2010, Congress enacted the Fair Sentencing Act, Pub. L. No. 11-220, 124 Stat. 2372, to reduce the disparity between sentencing ranges for offenses involving powder cocaine and cocaine base (i.e., crack cocaine). *See Dell v. United States*, 710 F.3d 1267, 1271 (11th Cir. 2013). Specifically, the Fair Sentencing Act increased the minimum quantity of cocaine base required for a 5-year mandatory minimum sentence from 5 grams to 28 grams and increased the minimum quantity for a 10-year mandatory minimum sentence from 50 grams to 280 grams. Pub. L. No. 11-220, 124 Stat. 2372; *see also* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii), respectively. However, the Fair Sentencing Act did not apply retroactively.

Eight years later, Congress corrected this obvious deficiency when it enacted the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which retroactively applied the sentencing adjustments created by the Fair Sentencing Act of 2010. The First Step Act reads, in pertinent part:

> A court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.

Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222.

A "covered offense" is defined as any violation of a federal statute for which the statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act. *Id.* at § 404(a), 132 Stat. at 5222. Essentially, the parties disagree whether a "covered offense" under the meaning of Section 404(b) refers to the offense of conviction or the offense conduct. The Eleventh Circuit—while not having yet addressed this specific issue—has recently indicated it will look to whether the penalties for the statute of conviction have been modified when determining eligibility for a First Step Act reduction.[1] Other circuits have already held that a "covered offense" applies to the statute of conviction, not the violation of a statute.[2] The Court agrees that the plain text of the statute makes it clear that a "covered offense" refers only to the offense of conviction.

---

[1] In *Foley*, the Eleventh Circuit held that, "Sections 2 and 3 of the Fair Sentencing Act modified 21 U.S.C. §§ 841(b)(1)(A)(iii), 841(b)(1)(B)(iii), 844(a), 960(b)(1)(C), and 960(b)(2)(C)—but, importantly here, not [Section] 841(b)(1)(C)." *United States v. Foley*, No.19-11847, 2020 WL 104349, at *1 (11th Cir. Jan. 9, 2020). Therefore, it appears to the Court that the Eleventh Circuit clearly believes that the aforementioned statutes are "covered offenses" under the First Step Act.

[2] *See United States v. Jackson*, 945 F.3d 315, 320 (5th Cir. 2019) ("We thus conclude that whether a defendant has a 'covered offense' under section 404(a) depends only on the statute under which he was convicted. If he was convicted of violating a statute whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a 'covered offense.'"); *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019) ("The First Step Act applies to offenses, not conduct, *see* First Step Act [Section] 404(a), and it is McDonald's statute of conviction that determines his eligibility for relief . . . ." (citing *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019)); and *United States v. Wirsing*, 943 F.3d 175, 186 (4th Cir. 2019) ("All defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii), and who are not excluded pursuant to the expressed limitations in Section 404(c) of the First Step Act, are eligible to move for relief under that Act.'").

"[S]ection 2 of the Fair Sentencing Act reduced the disparity between the quantities of crack cocaine and powder cocaine required to trigger the statutory penalties prescribed by 21 U.S.C. §§ 841(b)(1)." *Foley*, 2020 WL 104349, at *1. Accordingly, Barkley's conviction under § 841(b)(1)(A)(iii) is a "covered offense" under Section 404 of the First Step Act because (1) it is a violation of a federal statute; (2) the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act; and (3) it was committed before August 3, 2010. *See id.* Thus, because the Court has found Barkley committed a "covered offense" under the First Step Act, the Court *may* "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." Pub. L. No. 115-391 § 404(b), 132 Stat. at 5222.[3] But "[n]othing in [Section 404] shall be construed to require a court" to do so. *United States v. Wirsing*, 943 F.3d 175, 180 (4th Cir. 2019).

B. **Entitlement to a Plenary Resentencing Hearing**

The parties dispute whether the Court is obligated to conduct a "plenary" resentencing hearing. The Eleventh Circuit has previously held that not all resentencing proceedings *require* a hearing. *See United States v. Brown*, 879 F.3d 1231, 1236 (11th Cir. 2018). In particular, reductions of sentences pursuant to 18 U.S.C. § 3582(c) are not

---

[3] *See also United States v. Hegwood*, 934 F.3d 414, 418–19 (5th Cir. 2019) *cert. denied*, 140 S. Ct. 285 (2019); ("The district court decides on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act.").

proceedings that require hearings. *Id.* at 1237 n.4. Section 3582(c)(1)(B) covers sentence reductions that are "expressly permitted by statute," which includes First Step Act reductions. 18 U.S.C. § 3582(c)(1)(B); *see also United States v. Potts*, No. 2:98-cr-14010-ROSENBERG, 2019 WL 1059837, at *3 (S.D. Fla. Mar. 6, 2019) ("[Section] 3582(c) provides the procedural vehicle whereby [a district court] may modify [a defendant's] sentence" under the First Step Act.). Absent some express language in the First Step Act requiring a resentencing hearing—and there is none—the Court is not obligated to provide Barkley with a new sentencing hearing.[4]

### C. <u>Sentence Reduction</u>

Having dispensed with Barkley's argument that he is entitled to a resentencing hearing; the Court is now left with its discretion to resentence Barkley.

The Eleventh Circuit has yet to definitively rule as to the specific amounts of drugs that district courts are to use when deciding First Step Act motions. If the Court used the same amount of crack as noted in Barkley's PSR from 1991, 291.5 grams, his sentencing range would still be 360 months to life based on a total offense level of 37 and a criminal history score of VI. If the Court found that—because the jury did not find a specific amount of drugs—it must sentence Barkley under 21 U.S.C. § 841 (b)(1)(C), then his total offense level would drop to 34. Couple that with the same criminal history

---

[4] Although nothing in the First Step Act or Section 3582 requires a court to hold a plenary resentencing hearing, nothing in the Act or the statute specifically prohibits a court from holding such a hearing either.

score of VI, and his sentencing range on Counts One and Two becomes 262 to 327 months.[5] Count Three continues to require a mandatory sentence of at least 60 months, consecutive to all other counts.

Until the Eleventh Circuit rules otherwise, the Court will use the amounts of drugs as originally found by the original sentencing court (unless modified by appeal). Thus, assuming a quantity of 291.5 grams of cocaine base, the Court finds the applicable advisory sentencing range to be 360 months to life. The Court bases its findings on a total offense level of 37 and a criminal history category of VI, also considering Barkley's status as a career offender.[6]

Having considered the evidence presented by both the Government and Barkley, the Court exercises its considerable discretion and reduces Barkley's sentence to 360 months on Counts One and Two (§ 841(b)(1)(A)(iii)) and 60 months on Count Three, consecutive to Counts One and Two for his accompanying gun charge (§ 924(c)), resulting in a total sentence of 420 months. This sentence is to be followed by a six-year term of supervised release.

---

[5] Given that Barkley was also found to involve the use of persons under the age of 18 years of age in his drug organization, the maximum sentence allowable doubles from 20 years to 40 years for his violation of 21 U.S.C. § 841 (b)(1)(C) based on the application of 21 U.S.C. § 845(b). However, the application of the guidelines to Barkley nonetheless leaves his guidelines range between 262 to 327 months.

[6] If the Eleventh Circuit ultimately determines that the Court should have only sentenced Barkley under Section 841(b)(1)(C) on Counts One and Two, the Court would have used its discretion to sentence him to 327 months followed by another 60 months for the gun charge.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Barkley's Motion to Reduce Sentence [Doc. 529] and reduces Barkley's prison sentence to 420 months followed by six years of supervised release.

**SO ORDERED**, this 8th day of April, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
